"This case involves a commitment for mortgage insurance made by the Department of Housing and Urban Development in 1968. The commitment was made to Great Lakes Mortgage Company, which validly assigned it to H.R. Smith Investment Company. Plaintiff claims the Smith company validly assigned the commitment to it, as payment on overdue loan obligations, and that the assignment was made with the understanding and consent of an attorney for defendant in 1972. The mortgagor in the insured transaction defaulted, and defendant paid more than $300,000 to H.R. Smith Investment Company in 1973. Plaintiff claims that $73,133.12 should have been paid to it. Defendant has moved for summary judgment. Defendant has made three arguments in an attempt to show that plaintiff is barred, as a matter of law, from asserting its claim. Defendant argues (1) that the contract between H.R. Smith Investment Company and plaintiff did not purport to be an assignment. Even if the contract was intended as an assignment, defendant argues, it is void, both (2) because it does not comply with the Assignment of Claims Act, 31 U.S.C. § 203, and (3) because it was not made in accordance with published regulations. We do not believe any of these matters can be determined without further factual development of the record.
"As to the intended purpose of the contract between H.R. Smith Investment Company and plaintiff, we think defendant’s argument is weak. The document describes itself as an assignment, and this would seem to have been its purpose. What doubts we have about the document’s intended effect stem from inadequate understanding, on this spare record, of the relationship between the Smith company and plaintiff. Interpretation of the agreement requires a greater understanding of the parties’ mutual intent, for which more facts are needed. Defendant, not plaintiff, benefits from our doubts about the agreement’s contemplated purpose.
*434 "Defendant’s second and third arguments involve the Assignment of Claims Act and certain published regulations. The Act, briefly, requires written notice to the contracting officer of assignments, while the regulation most vigorously discussed requires the prior written consent of the Federal Housing Commissioner for valid assignments. It appears that plaintiff has not complied with the letter of either the regulation or the statute. But plaintiff alleges, and supports by affidavit, that the assignment was conveyed to an agency attorney with the understanding that plaintiff was to be treated as a holder in due course of the mortgagor’s note and implies that defendant, through its agent, approved and accepted the assignment.
"We do not know what authority the attorney had but much authority is routinely delegated to some Government employees, not always by means of published regulations. Attorneys, in particular, often have authority not discoverable by a mere perusal of the Code of Federal Regulations. We need to have the facts explored before we can agree with defendant that plaintiff cannot be said to have complied with the Act or the regulations, or that defendant has not waived their requirements.
"it is therefore ordered, that defendant’s motion for summary judgment is denied. The case is remanded to the trial judge for further proceedings.”